[No. 1204-3. Division Three. December 30, 1975.]

JAMES F. WOODS, ET AL, *Appellants*, v. VIRGIL W. GAMACHE, ET AL, *Respondents*.

*David K. Crossland* and *Ivy, Elofson, Vincent, Hurst & Crossland*, for appellants.

*Robert R. Redman* and *Gavin, Robinson, Kendrick, Redman & Mays*, for respondents.

McINTURFF, C.J.—Plaintiffs, James and Ellen Woods, brought suit for personal injuries suffered by James as a result of an automobile accident with Jocelyn M. Gamache. Defendants answered admitting the negligence of Jocelyn but affirmatively alleging that James executed a release for any and all claims known or unknown sustained as a result of the accident. In reply, plaintiffs alleged: (1) the release was void because it was based upon a mutual mistake of

---

fact as to the true nature of James' injury, and (2) defendants' agent falsely represented the release and engaged in inequitable and deceitful conduct in securing it. The trial court upheld the release. Plaintiffs appeal. We affirm.

The unchallenged findings of fact disclose: (1) on September 22, 1972, James signed an unambiguous release in the presence of defendants' representative in exchange for the sum of $2,647.75; (2) the release discharged defendants from any further liability for injuries to James whether the injuries were known or unknown; (3) prior to the execution of the release, James submitted to defendants' representative a medical report prepared by his doctor which indicated that the injury to James' left knee was only a bruise or contusion; (4) the only medical information available to defendants on September 22, 1972, came from James' physician; (5) defendants and their representative had no independent knowledge or information about James' physical condition or injuries; (6) after signing the release, James developed further problems in the left knee which eventually required surgery; (7) while James was limited in education and general intelligence, he was neither illiterate nor without sufficient comprehension to understand the nature and significance of the release; (8) defendants' representative made no statement or representation of fact or law for the purpose of inducing James to sign the release; (9) James did not sign the release because of or in reliance upon any statement made by defendants' representative; and (10) there was no indication of any deceit practiced on or overreaching of James by defendants' representative.

In light of the foregoing (which must be accepted as verities) this case is controlled by *Pepper v. Evanson,* 70 Wn.2d 309, 422 P.2d 817 (1967), and distinguishable from *Finch v. Carlton,* 84 Wn.2d 140, 524 P.2d 898 (1974). As observed in my dissent in *Finch v. Carlton,* 10 Wn. App. 32, 516 P.2d 212 (1973) at page 36:

*Pepper* [as does this case] factually confronts a situation of *known* personal injury, compounded with later-discovered injuries of an independent nature . . . The instant case [Carlton] includes neither a known personal injury nor reasonable basis to suspect the existence of an injury at the date the release was given.

The law favors the amicable settlement of claims when the settlement is secured without fraud, misrepresentation or overreaching. *Beaver v. Estate of Harris*, 67 Wn.2d 621, 409 P.2d 143 (1965). The mistake in this case being unilateral cannot serve as a basis for setting aside the release.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.